UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE MANUEL TEH-UC,

              Petitioner,

    v.

JULIO HERNANDEZ, MARKWAYNE MULLIN, TODD BLANCHE, BRUCE SCOTT,

              Respondents.

CASE NO. 2:26-cv-01581-BAT

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RELEASE**

Petitioner Jose Manuel Teh-Uc filed a 28 U.S.C. § 2241 habeas petition requesting the Court order Respondents to release him from immigration detention immediately or, in the alternative, order a bond hearing before an immigration judge. Dkt. 1 (petition). Having considered the parties' pleadings and the record, the Court **GRANTS** the habeas petition.

## BACKGROUND

Petitioner is a Mexican national who entered the United States without inspection or parole at fourteen years of age in 2007 and settled in Oregon. Dkt. 1 at ¶ 15; Dkt. 7 at 2. He was not apprehended on arrival. He is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington.

Petitioner has misdemeanor criminal convictions stemming from incidents in 2015 and

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RELEASE - 1

2022. Dkt. 1 at ¶ 44–45. In June 2015, he was charged with assault in the fourth degree (constituting domestic violence) and harassment. Dkt. 7 (response) at 2. The assault charge was dismissed; he pled guilty to misdemeanor harassment in August 2017, and after completing the diversion program ordered by the Court, the guilty plea was set aside and the harassment charge was also dismissed in July 2019. *Id.* As a result of these charges, ICE detained Petitioner for four months in 2017, and he was released on bond. *Id.* His removal proceedings were then administratively closed in 2022. *Id.* at 2–3. In June 2022, he was arrested and ultimately charged with felony coercion, felony invasion of privacy in the first degree, and misdemeanor harassment. He was convicted of misdemeanor coercion and misdemeanor harassment on March 19, 2024. *Id.* His removal proceedings before the immigration court, pursuant to 8 U.S.C. § 1229a, were reopened in October 2024 and are currently under way. *Id.*

On August 5, 2025, ICE officers detained Petitioner when he reported to the ICE office in Portland for a scheduled appointment. *Id.* The same day, ICE issued a warrant for his arrest and cancelled bond. *Id.* Petitioner's Record of Deportable/Inadmissible Alien, Form I-213, states regarding the arrest: "Records checks were conducted and found new criminal history. Teh-Uc was given a custody redetermination, and it was determined that Teh-Uc is believed to be a threat to public safety, due to his criminal history." Dkt. 8-2 at 3. The record does not otherwise reflect what the "custody redetermination" entailed; the Notice of Custody Determination, issued the day of Petitioner's arrest, is unsigned and states "Refuse to sign or come out of cell." Dkt. 8-6. Petitioner received no notice of his arrest and has not received a bond hearing before an immigration judge.

Petitioner's § 2241 habeas petition, Dkt. 1, claims he was detained without a predetention bond hearing in violation of the Immigration Naturalization Act and the United States

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 2

Constitution. *Id.* Respondents contend Petitioner's detention is lawfully authorized under 8 U.S.C. § 1225(b)(2)(A) and is not unreasonably prolonged in violation of due process. Dkt. 7.

## DISCUSSION

The Court has the authority to grant writs of habeas corpus where the custody of an individual violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution bars the United States from depriving any person of life, liberty, or property, without due process of law. Due process protects all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Petitioner's detention is governed by 8 U.S.C. § 1226(a), which requires Respondents to provide Petitioner with a bond hearing—not § 1225(b)(2)(A), which provides for mandatory detention of noncitizens seeking admission to the country. Since the government's response was filed, the Ninth Circuit has rejected Respondents' argument to the contrary. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) ("[A]liens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Respondents concede Petitioner is within the class entitled to the relief in *Rodriguez Vazquez*, and the Court agrees: Petitioner meets the requirements because he is without lawful status, detained at NWIPC, entered without inspection and was not apprehended on arrival, and is not subject to mandatory detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. Dkt. 7 at 8.

### I.    Due Process

Petitioner was entitled to a bond hearing upon his re-detention in August 2025, pursuant to § 1226(a). Thus, as it has done before, the Court applies the *Mathews* balancing test, weighing

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 3

(1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. Respondents' analysis using the six-factor test from *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019) is inapplicable because it addresses prolonged mandatory detention under 8 U.S.C. § 1225.

The first *Mathews* factor considers "the private interest that will be affected by the official action." Mathews, 424 U.S. at 335. Petitioner has lived in this country since 2007 and was previously detained by ICE and released on bond in 2017. Under those circumstances, this Court has repeatedly found a liberty interest exists. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, at *3 (W.D. Wash. 2025) (when released from ICE custody, the petitioner "took with him a liberty interest which is entitled to the full protections of the due process clause"). Although his liberty interest was diminished when he engaged in conduct that resulted in misdemeanor convictions for coercion and assault, the Department of Homeland Security did not detain him until over a year after his March 2024 conviction. The decision not to revoke bond at that time reasonably led Petitioner to continue to rely on his liberty interest. *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *7 (W.D. Wash. Apr. 9, 2026).

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. Petitioner has been arrested twice and has been convicted of misdemeanor coercion and harassment related to domestic violence, which Respondents argue demonstrates a risk of flight and a danger to the community. Dkt. 7 at 8. However, Respondents' policy that Petitioner is detained pursuant to § 1225(b)(2)(A) has resulted in Petitioner's detention for over a year without the bond hearing to which he is statutorily entitled pursuant to § 1226(a)—a hearing at which a neutral adjudicator could have

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 4

evaluated whether Petitioner indeed presented a danger or flight risk. The government's circumvention of the process to which Petitioner is legally entitled raises a significant risk of that the deprivation of Petitioner's liberty was erroneous. *See K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *5 (W.D. Wash. Apr. 9, 2026) (finding a high risk of erroneous deprivation of liberty where a petitioner had incurred misdemeanor convictions); *Lima Gamez v. Hernandez*, No. 2:26-CV-01104-BAT, 2026 WL 1382362, at *6 (W.D. Wash. May 18, 2026) (same).

Last, the government's interest in civil detention without a hearing is low. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")). Although the government does have an interest in enforcing the immigration laws and ensuring appearance during removal proceedings, Respondents have not explained why providing a hearing would impede those interests. Immigration bond hearings are routine, expected, and of no great inconvenience to the government. *K.G.M.Q.*, 2026 WL 962609, at *8. The burden of providing a timely hearing is outweighed by the serious risk of erroneous deprivation of liberty.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive proper notice and an opportunity to respond before he can be re-detained. *Rodriguez Jimenez v. Bondi*, 25-cv-02167-RSM, 2025 WL 3466925  (W.D. Wash. Dec. 3, 2025).

## II.   Remedy

Petitioner has now been detained without a bond hearing for over a year. As other courts in this Circuit have found, a post-deprivation bond hearing under these circumstances "cannot

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 5

serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d. 1316, 1324 (W.D. Wash. 2025). Specifically, a bond hearing now cannot cure the serious deprivation of liberty presented by the year Petitioner spent in detention between being apprehended and receiving such a hearing. Accordingly, the appropriate remedy is immediate release.

## CONCLUSION

For the foregoing reasons, the Court ORDERS:

1.      The petition for writ of habeas corpus is GRANTED. Dkt. 1.

2.      Respondents shall RELEASE Petitioner **within 24 hours** under the conditions of his most recent release; return to him any personal property upon release; and file a status report certifying he has been released **within 48 hours** of entry of this order.

3.      Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 12th day of August, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 6